WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Dale Edward Gibson, | No. CV-24-08232-PCT-JAT |
| Petitioner, | **ORDER** |
| v. | |
| Ryan Thornell, et al., | |
| Respondents. | |

Pending before the Court is Petitioner Dale Edward Gibson's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 9). This case was referred to Magistrate Judge Bachus, who issued a Report and Recommendation ("R&R") recommending that the amended Petition be denied and dismissed with prejudice because it is barred by the statute of limitations. (Doc. 34 at 19). Petitioner filed objections to this recommendation (Doc. 37), and Respondents filed a reply (Doc. 39). Also pending before the Court are Petitioner's Motion for Reconsideration (Doc. 44), Motion to Waive Arguments (Doc. 45), and Motion for Ruling and Status (Doc. 46). The Court now rules.

## I.    BACKGROUND

The R&R recounts the factual and procedural history of this case, including the underlying state court proceedings. (Doc. 34 at 3–9). In his Objection, Petitioner argues that the R&R "appears to conflict with the record [and] the facts." (Doc. 37 at 1). He also states that the R&R "is contradictory to the facts." (*Id.* at 6). But Petitioner does not provide any further detail and does not identify specific facts that Petitioner objects to. Respondents

do not object to the R&R's account of the factual and procedural history of the case. (Doc. 39). The Court hereby accepts and adopts the R&R's recount of the factual and procedural background of this case. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

The relevant factual and procedural background, for purposes of this Order, is summarized herein. On February 2, 2017, following his convictions for manslaughter and aggravated assault, the superior court sentenced Petitioner to a total of 60 years imprisonment. (Doc. 34 at 4, 9). On July 31, 2018, the Arizona Court of Appeals affirmed his convictions and sentence. (Doc. 34 at 4–5). Petitioner filed a petition for review in the Arizona Supreme Court, which was denied on December 3, 2018. (*Id.* at 5).

Petitioner filed his first Post-Conviction Relief ("PCR") Notice on March 20, 2019. (*Id.*). The superior court dismissed Petitioner's first PCR petition on March 9, 2020. (*Id.* at 6). Petitioner appealed, and the Arizona Court of Appeals dismissed the appeal on May 19, 2021. (*Id.*). While the appeal of the first PCR proceeding was still pending, Petitioner filed a second PCR Notice, which was stayed to allow Petitioner to continue his appeal in the first PCR proceeding. (*Id.*). On October 25, 2021, the superior court lifted the stay on Petitioner's second PCR proceeding and determined that one of the claims was timely. (*Id.*). On December 22, 2022, the superior court denied his second PCR petition. (*Id.*).

On January 17, 2023, Petitioner filed a motion for extension of time to file a petition in superior court, which was denied on January 20, 2023. (*Id.*). Petitioner moved for reconsideration, which the superior court denied on February 15, 2023. (*Id.*).

Thereafter, Petitioner filed several motions for extensions of time and petitions for review, all of which were denied as untimely. (*Id.* at 6–7). On April 28, 2023, the superior court issued a comprehensive order addressing Petitioner's filings requesting extensions of time. (*Id.*). In that order, the superior court acknowledged the reasons that Petitioner cited for requesting additional time, including staffing shortages, power outages, and inmate lockdowns within the Arizona Department of Corrections. (*Id.*). But the court explained that none of those limitations constituted a basis to extend time under Arizona law. (*Id.*).

Thus, the court denied Petitioner's requests to extend time. (*Id.*). Petitioner's last petition for review filed in state court was denied by the Arizona Supreme Court on December 15, 2023. (*Id.*).

Before this Court, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) on December 13, 2024, and an Amended Petition (Doc. 9) on March 12, 2025. This case was referred to Magistrate Judge Bachus, who issued an R&R recommending the petition be denied and dismissed with prejudice because it was untimely filed. (Doc. 34 at 19). The R&R also recommends that a certificate of appealability not be issued and leave to proceed in forma pauperis on appeal be denied. (*Id.*). In that same Order, the Magistrate Judge ruled on Petitioner's Motion to Expand the Record (Doc. 30), granting the motion in part as to the supplemental materials Petitioner provided to the Court, but denying Petitioner's request for Respondents to produce additional documents. (Doc. 34 at 3).

Petitioner moved for an extension of time to object to the R&R and the Court allowed Petitioner to file his objections by September 12, 2025. (Docs. 35, 36). On September 11, 2025, Petitioner filed his Objections to the R&R. (Doc. 37). Petitioner also moves the Court for a certificate of appealability. (*Id.* at 10). Respondents filed a Reply to Petitioner's objections. (Doc. 39).

Petitioner filed a sur-reply to Respondents' reply brief (Doc. 41). Respondents moved to strike the sur-reply (Doc. 42), and seeing as no authority permitted Petitioner to file his sur-reply, the Court granted the motion and struck the sur-reply. (Doc. 43). Petitioner then filed a Motion for Reconsideration of the Court's Order striking Petitioner's sur-reply. (Doc. 44). Petitioner also filed a Motion to Waive Arguments (Doc. 45), and a Motion for Ruling and Status (Doc. 46).[1]

## II.    MOTION FOR RECONSIDERATION

Petitioner filed a Motion for Reconsideration, urging the Court to reconsider its Order striking Petitioner's sur-reply to the Report and Recommendation ("R&R"). (Doc.

---

[1] Because the Court has provided a ruling as requested in Petitioner's Motion for Ruling and Status (Doc. 46), the Court will deny that motion as moot.

44). After Magistrate Judge Bachus issued the Report and Recommendation (Doc. 34), Petitioner filed an Objection (Doc. 37), Respondents filed a Reply to Petitioner's Objection (Doc. 39), and Petitioner filed a sur-reply in response to Respondent's reply brief (Doc. 41). Respondents moved to strike the sur-reply, and seeing as no authority permitted Petitioner to file his sur-reply, the Court granted the motion and struck the sur-reply. (Doc 43).

Motions for reconsideration are denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g). Motions for reconsideration should be granted in only rare circumstances. *Lerner & Rowe PC v. Brown Engstrand & Shelly LLC*, 684 F. Supp. 3d 953, 955 (D. Ariz. 2023).

Petitioner invokes Federal Rule of Civil Procedure 83(b) as the basis for relief. (Doc. 44 at 2). That Rule provides:

> A judge may regulate in any manner consistent with federal law, rules adopted under 28 U.S.C. §§ 2072 and 2075, and the district's local rules. No sanction or other disadvantage may be imposed for noncompliance with any requirement not in federal law, federal rules, or the local rules unless the alleged violator has been furnished in the particular case with actual notice of the requirement.

Fed. R. Civ. P. 83(b). In short, the Court has the inherent authority to regulate litigation before it, so long as the Court's action is not barred by any law, rule, or regulation. Petitioner argues that Respondents "concede[] that Rule 83 permits the Court's consideration of Petitioner's sur-reply" because Respondents state, "[n]either the Rules of Civil Procedure, not the Court's local rules, provide for the filing of a sur-reply to a party's reply to an objection." (Doc. 44 at 2 (quoting Doc. 42 at 1-2) (cleaned up)).

Rule 83(b) creates no rights or entitlements that run to litigants. Rather, it is a catchall provision that provides *courts* with discretion when the law is silent. The Court exercised that discretion in granting Respondents' Motion to Strike Petitioner's Sur-Reply. Petitioner pointing to the Rule that grants the Court the authority to do so is not a basis for challenging the Court's exercise of jurisdiction. Petitioner identifies no controlling law, no

newly discovered evidence, and no clear error or manifest injustice in the prior ruling. *See* LRCiv 7.2(g). The Court will deny Petitioner's Motion for Reconsideration (Doc. 44) and will not consider Petitioner's improperly filed sur-reply.

### III.    MOTION TO FIND WAIVER OF ARGUMENTS

Petitioner filed a motion requesting that the Court deem Respondents' arguments waived to the extent that they were not made in response to Petitioner's objections. (Doc. 45). Petitioner argues that Respondents "intentionally failed to address several of Petitioner's objections" and "mischaracterize[ed] Petitioner's clear objections as non-objections." (*Id.* at 2). Petitioner misunderstands the standard governing objections to a magistrate judge's Report and Recommendation. Under 28 U.S.C. § 636(b)(1), a district court reviews *de novo* any portion of an R&R to which a party has properly objected. That obligation is imposed on the Court, not Respondents, and the Court undertakes that obligation regardless of whether Respondents file a reply brief, as there is no requirement that Respondents file any reply brief at all. The Court will deny the Motion (Doc. 45) and will not read Respondents' silence as to any of Petitioner's objections as a concession.

### IV.    REVIEW OF REPORT AND RECOMMENDATION

The R&R recommends denying Petitioner habeas relief because his habeas Petition was untimely filed, and neither equitable tolling, statutory tolling, nor the actual innocence gateway apply to render the Petition timely.[2] (Doc. 34 at 19). The R&R further recommends that a certificate of appealability and leave to proceed *in forma pauperis* on appeal be denied. (*Id.*).

#### A. Standard of Review

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition;

---

[2] Because Petitioner does not object to the R&R's finding that the actual innocence gateway does not apply, the Court accepts this finding. (Doc. 34 at 18; Doc. 37); *Schmidt v. Johnstone*, 263 F.Supp.2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that *de novo* review of factual and legal issues is required if objections are made, 'but not otherwise.'").

receive further evidence; or return the matter to the magistrate judge with instructions."). The district judge must review the findings and recommendations of the Magistrate Judge de novo if there is an objection from one or both parties. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009) (the district court "must review *de novo* the portions of the [Magistrate Judge's] recommendations to which the parties object"); *see also* 28 U.S.C. § 636(b)(1) ("[T]he court shall make a de novo determination of those portions of the [report and recommendation] to which objection is made."). Petitioner raises 17 objections to the R&R.[3] (Doc. 37 at 2–10). Accordingly, the Court will review the R&R de novo.

### B.  Statute of Limitations

As the R&R correctly recounts, under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Petitioner had one year from the date his conviction became final to file a petition for writ of habeas corpus with this Court. 28 U.S.C. § 2244(d)(1). Petitioner does not object to the R&R's conclusion that Petitioner's conviction became final on March 3, 2019, and thus that the AEDPA statute of limitations began running on March 4, 2019. (Doc. 34 at 10; Doc. 37).

Petitioner does, however, object "on the grounds that the entire act itself is unconstitutional" in violation of the Suspension Clause of the United States Constitution. (Doc. 37 at 4); U.S. Const. Art. I, § 9, cl. 2. The Ninth Circuit Court of Appeals has rejected this claim, concluding that "[t]he one-year limitation does not violate the Suspension Clause because it is not jurisdictional and may be subject to equitable tolling." *Green v. White*, 223 F.3d 1001, 1003–04 (9th Cir. 2000). Accordingly, Petitioner's objection on this ground is overruled.

### C.  Statutory Tolling

Under the AEDPA, Petitioner is entitled to "statutory" tolling during any period he had a "properly filed application for State post-conviction or other collateral review with

---

[3] To the extent Petitioner objects to a Magistrate Judge hearing his case and "demands a new venue" (Doc. 37 at 3), that request is denied.

respect to the pertinent judgment or claim" that was pending. 28 U.S.C. § 2244(d)(2). Petitioner does not object to the R&R's determination that "[t]he limitations period ran for sixteen days, until March 20, 2019, when Petitioner filed a PCR notice." (Doc. 34 at 10; Doc. 37).

The R&R concludes that "the statute of limitations was tolled until January 21, 2023, when the time expired for Petitioner to appeal the denial of his second PCR proceedings." (Doc. 34 at 10). The R&R reasoned that "anything filed in the state courts after January 21, 2023 did not continue to toll the statute of limitations" because they were untimely filed and therefore were not "properly filed" for the purposes of statutory tolling under the AEDPA. (Doc. 34 at 11, 12); 28 U.S.C. § 2244(d)(2).

Petitioner objects to the R&R's conclusion "that the Petitioner's filings in state court after January 21, 2023 did not continue to toll the statute of limitations." (Doc. 37 at 3). However, the R&R correctly concludes that untimely state court filings do not toll the statute of limitations. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) ("Because the state court rejected petitioner's [postconviction] petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2).").

Petitioner additionally argues that the Magistrate Judge erred in deferring to the state court's decision denying Petitioner's requests for extensions of time. (Doc. 37 at 2; Doc. 34 at 7). Petitioner argues that this Court "has an independent duty to determine" whether an extension of time should have been granted. (Doc. 37 at 2). Petitioner is mistaken. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *Mendez v. Small*, 298 F.3d 1154, 1158 (9th Cir. 2002) ("A state court has the last word on the interpretation of state law."); *Robledo v. Ryan*, No. CV 12-1281-PHX-JAT, 2013 WL 394703, at *2 (D. Ariz. Jan. 31, 2013) ("To the extent Petitioner is arguing that the state court's deadline should have been extended, this Court has no power over the state court in its imposition of its own deadlines."). Petitioner's filings were untimely under the rules governing the state court proceedings, *see* Ariz. R. Crim. P. 32.16(a)(1), and the superior court declined

to extend Petitioner's time to file. "When a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)." *Pace*, 544 U.S. at 414 (cleaned up).

Accordingly, Petitioner's objections on statutory tolling grounds are overruled. The Court adopts the R&R's calculation that the statute of limitations was tolled until January 21, 2023, and eventually expired 349 days later on January 6, 2024. (Doc. 34 at 10, 13).

### D. Equitable Tolling

Next, in his objections, Petitioner argues he should be entitled to equitable tolling of the statute of limitations. The AEDPA statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 649 (cleaned up). The doctrine of equitable tolling is applied sparingly. *Scholar v. Pacific Bell*, 963 F.2d 264, 267 (9th Cir. 1992); *Irwin v. Dep't of Veteran Affs.*, 498 U.S. 89, 96 (1990).

To satisfy the first element, a litigant "must show that he has been reasonably diligent in pursuing his rights not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time of filing his claim" in court. *Smith v. Davis*, 953 F.3d 582, 598–99 (9th Cir. 2020). "The standard for reasonable diligence does not require an overzealous or extreme pursuit of any and every avenue of relief. It requires the effort that a reasonable person might be expected to deliver under his or her particular circumstances." *Doe v. Busby*, 661 F.3d 1001, 1015 (9th Cir. 2011). In determining whether reasonable diligence was exercised, courts "are guided by 'decisions made in other similar cases . . . with awareness of the fact that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case.'" *Fue v. Biter*, 842 F.3d 650, 654 (9th Cir. 2016) (quoting *Holland*, 560 U.S. at 650).

"[T]he second prong of the equitable tolling test is met only where the circumstances

that caused a litigant's delay are both extraordinary and beyond its control." *Menominee Indian Tribe of Wisconsin v. U.S.*, 577 U.S. 250, 257 (2016). "[T]his rule does not impose a rigid 'impossibility' standard on litigants," particularly pro se prisoner litigants, but rather requires courts to "decide the issue based on all the circumstances of the case before it." *Smith*, 953 F.3d at 600. "[T]he element of extraordinary circumstances incorporates a causation requirement, which is to be assessed against the standard of reasonable diligence." *Perez v. Reubart*, 150 F.4th 1164, 1171 (9th Cir. 2025). "The only way for a court to evaluate whether an extraordinary circumstance caused the untimely filing is to examine and assess the facts of the case to determine whether a petitioner acting with reasonable diligence could have filed his claim, despite the extraordinary circumstance, before the limitations period expired." *Smith*, 953 F.3d at 595.

The R&R concluded that Petitioner is not entitled to equitable tolling because, "even assuming Petitioner has shown diligence, he has not shown the Court that an extraordinary circumstance prevented the timely filing of his Petition." (Doc. 34 at 15). In reaching this conclusion, the R&R rejected Petitioner's arguments that the prison's COVID-19 protocols, the state court's denial of an extension of time, and the limitations in the prison mailing system were extraordinary circumstances that prevented him from timely filing his habeas petition. (Doc. 34 at 15–18). Petitioner objects, arguing that he has alleged extraordinary circumstances and that he is therefore entitled to equitable tolling. (Doc. 37 at 5–9).

At the outset, the Court notes that the AEDPA statute of limitations was statutorily tolled until January 21, 2023, eventually expiring 349 days later on January 6, 2024. Plaintiff first filed his federal habeas petition on December 13, 2024 (Doc. 1), 342 days later. In order for his habeas petition to be timely, Petitioner would have to establish that he is entitled to equitable tolling that lasted approximately 11 months and began sometime between January 21, 2023 and January 6, 2024. Equitable tolling applicable prior to January 21, 2023 is irrelevant because, as discussed, the statute of limitations was statutorily tolled until January 21, 2023. Equitable tolling that began after the expiration of

the statute of limitations (January 6, 2024) is also irrelevant.

First, the R&R correctly concludes that Petitioner has not demonstrated that the prison's COVID-19 protocols constitute an extraordinary circumstance. (Doc. 34 at 16). "A mere invocation of the lockdowns imposed by the COVID-19 pandemic, without more, is insufficient to . . . satisfy a petitioner's burden to justify equitable tolling." *McKenzie v. Warden*, No. 5:22-cv-01508-AB (MAR), 2024 WL 1135676, at *4 (C.D. Cal. Feb. 2, 2024). "Instead, Petitioner must provide a *specific* explanation as to how COVID-19 hindered his ability to file his habeas petition *throughout* the relevant time period." *Gibson v. Allison*, No. CV 22-4267 SB (PVC), 2022 WL 17345919, at *3 (C.D. Cal. Oct. 27, 2022). "Moreover, Petitioner's acknowledged ability to file multiple motions in the superior court cuts against his contention that COVID-19 prevented him from timely appealing his conviction or filing a habeas petition prior to the AEDPA limitations period expiring." *Id.* (internal citation omitted).

Here, Petitioner's numerous state court filings between January 2023 and May 2023, and his filings during the peak of COVID-19 from 2020 to 2022, cut against his contention that COVID-19 protocols prevented him from timely filing a habeas petition. *See Gibson*, 2022 WL 17345919, at *3; *Gaston v. Palmer*, 417 F.3d 1030, 1035 (9th Cir. 2005) (affirming district court's conclusion that "[b]ecause [petitioner] was capable of preparing and filing state court petitions [during the limitations period], it appears that he was capable of preparing and filing a [federal] petition during the [same time]"); (Doc. 34 at 17; Doc. 39 at 5). Given Petitioner's demonstrated ability to file handwritten pleadings throughout the COVID-19 pandemic, Petitioner cannot demonstrate that COVID-19 protocols caused his untimely filing. Petitioner has not provided any explanation as to why the COVID-19 protocols did not prevent him from filing state court pleadings in 2023 but somehow prevented him from timely filing a habeas petition. *See Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009) ("Ramirez offers no explanation of how or why his restricted library access made it impossible for him to file a timely § 2254 petition but not . . . other substantial legal filings. Accordingly, Ramirez is not entitled to equitable tolling [during

- 10 -

that time period].").

Petitioner argues that counsel, if appointed, would have been able to explain how the prison's COVID-19 protocols prevented his timely filing. (Doc. 37 at 5, 7).[4] The Court finds it difficult to fathom that counsel would have been able to know what challenges Petitioner has faced due to COVID-19 protocols if Petitioner himself cannot identify any such challenges that prevented him from timely filing a habeas petition.

Petitioner also argues that information sought in his motion to expand the record would have explained how the pandemic prevented his timely filing. (*Id.*; *see* Doc. 30 (seeking production of the prison's COVID-19 protocols)). But "courts should not allow prisoners to use federal discovery for fishing expeditions to investigate mere speculation." *Calderon v. U.S. Dist. Ct. for the N. Dist. of California*, 98 F.3d 1102, 1106 (9th Cir. 1996). Petitioner has not identified any restrictions that personally impacted his ability to pursue habeas relief in 2023; therefore, Petitioner will not be permitted to peruse the prison's COVID-19 protocols in search of something that may justify his untimely habeas petition.

Petitioner additionally argues that the Magistrate Judge misapplied *Hennings v. Cates*, No. 22-55484, 2023 WL 8469341 (9th Cir. Dec. 7, 2023). (Doc. 37 at 8). In *Hennings*, the petitioner argued that prison law-library restrictions "prevented him from conducting necessary legal research to support his claims and to determine the deadline for filing his federal habeas petition, thereby causing him to file his federal habeas petition nearly a year after the deadline." *Id.* at *1. The *Hennings* court explained that "[p]rior to the library limitations, [the petitioner] had already developed four of his five habeas claims and presented them in habeas petitions in state court," his habeas petition advanced the same factual allegations in his state petitions, and none of his petitions included case citations or legal analysis. *Id.* Therefore, the *Hennings* court concluded that the petitioner

---

[4] To the extent Petitioner challenges the Magistrate Judge's denial of his request to appoint counsel (Doc. 37 at 3), the Court has previously overruled these objections (Doc. 25). Moreover, the Court reminds Petitioner that "there is no constitutional right to counsel on habeas." *Bonin v. Vasquez*, 999 F.2d 425, 429 (9th Cir. 1993); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further."). The Court therefore overrules Petitioner's objections regarding denial of appointed counsel.

"fail[ed] to show why his limited access to law-library materials during the COVID-19 pandemic made it impossible for him to file his federal habeas petition" on time. *Id.*

Relying on *Hennings*, the Magistrate Judge stated that Petitioner must "provide, at the very least, basic information about the alleged extraordinary circumstance and the causal connection." (Doc. 34 at 16). Petitioner argues that he did provide basic information by way of his supporting exhibits. (Doc. 37 at 8). However, Petitioner has not identified any specific instances after January 21, 2023 where he attempted to work on or file his habeas petition but was prevented from doing so.

To the extent Petitioner asserts inability to access the law library was an extraordinary circumstance (*see* Doc. 30 at 3), Petitioner did not explain why he needed access to the law library in connection with his habeas petition, how long the policy was in place, or how often he was able to access the law library during that time. As discussed above, Petitioner's ability to file state court pleadings throughout the pandemic calls into question the causal connection between COVID-19 restrictions and Plaintiff's untimely habeas petition. *See Chaffer v. Prosper*, 592 F.3d 1046, 1049 (9th Cir. 2010); *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1013–14 (9th Cir. 2009). Further, to the extent Petitioner argues that he thoroughly explained his reasons in his extension of time before the superior court (*see* Doc. 32 at 6; Doc. 32-1 at 8), Petitioner filed his motion for extension of time on January 17, 2023, before the statute of limitations started to run; therefore, Petitioner's arguments in that motion are irrelevant to the present equitable tolling analysis for the time period beginning on January 21, 2023.

Next, the R&R correctly determined that the state court's decision to deny Petitioner an extension of time did not constitute an extraordinary circumstance. (Doc. 34 at 16). Petitioner argues that the denial was an extraordinary circumstance because it had a foreseeable prejudicial effect. (Doc. 37 at 8). However, whatever prejudicial effect the denial may have had on Petitioner's state court proceedings, no such prejudicial effect exists with respect to Petitioner's federal habeas proceedings. As the R&R correctly noted, "nothing in the state courts' orders was stopping [Petitioner] from filing a habeas petition

in federal court." (Doc. 34 at 17). To the extent Petitioner argues that he should be entitled to equitable tolling because the state court erred in denying him an extension of time, as previously discussed, "this Court has no power over the state court in its imposition of its own deadlines." *Robledo*, 2013 WL 394703, at *2. And to the extent Petitioner mistakenly believed that the statute of limitations began to run on December 15, 2023, when the last state court judgment was entered (*see* Doc. 9 at 22), a pro se petitioner's "inability correctly to calculate the limitations period is not an extraordinary circumstance warranting equitable tolling." *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006); *Nouan v. Ryan*, 775 F. App'x 870, 871 (9th Cir. 2019) (holding equitable tolling not applicable when the petitioner "misunderstood the date from which the AEDPA limitations period began running); *see also Johnson v. United States*, 544 U.S. 295, 311 (2005) ("[W]e have never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness.").

Petitioner argues that the Magistrate Judge misapplied *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008 (9th Cir. 2009). (Doc. 37 at 8). The Magistrate Judge cites *Waldron-Ramsey* for the proposition that "an external force must cause the untimeliness," not "merely 'oversight, miscalculation, or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling.'" *Id.* at 1011 (alteration in original) (quoting *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008)). The Magistrate Judge found that Petitioner's untimely state court filing was not caused by some external force, but rather was caused by his own oversight, miscalculation, or negligence, for which equitable tolling is not appropriate. *Id.* at 1011; (Doc. 34 at 16). The Magistrate Judge did not misapply *Waldron-Ramsey* and did not err in concluding that the denial of an extension of time in the state court proceedings is not an extraordinary circumstance preventing Petitioner from pursuing habeas relief in federal court.

Finally, the R&R correctly concludes that Petitioner has not shown that the limitations in the prison mailing system constitute an extraordinary circumstance. (Doc. 34 at 17–18). Petitioner objects to the Magistrate Judge's reasoning "in its entirety." (Doc. 37

at 9). The Magistrate Judge found that "Petitioner has not provided the Court with enough information to make any findings about how he was prevented from timely filing his habeas petition." (Doc. 34 at 17). Petitioner in his objection asks the Court to verify the cited cases but does not otherwise provide any further explanation as to how the prison mailing system constituted an extraordinary circumstance. (Doc. 37 at 9).

The Magistrate Judge did not misapply the law. "[T]he petitioner bears the burden of showing that equitable tolling is appropriate." *Rasberry*, 448 F.3d at 1153. A petitioner's "*pro se* status, on its own, is not enough to warrant equitable tolling." *Roy v. Lampert*, 465 F.3d 964, 970 (9th Cir. 2006). The Ninth Circuit Court of Appeals in *Chaffer v. Prosper* noted that circumstances attributable to "the vicissitudes of prison life" that may make it more challenging to timely file a petition do not constitute extraordinary circumstances unless the petitioner can show that those circumstances actually impedes his ability to timely file. Examples of circumstances attributable to prison life include the petitioner's pro se status, the fact that the prison library was missing some reporter volumes, and that the petitioner relied on helpers who were transferred or too busy to attend to his petitions. *Chaffer* 592 F.3d at 1049.

As previously discussed, Petitioner's ability to file his handwritten pleadings in state court in 2023 seriously cuts against Petitioner's assertion that the mailing system prevented his timely filing. *See Gibson*, 2022 WL 17345919, at *3. Petitioner does not allege that he had his habeas petition ready to file but that delays in the prison's mailing system caused his habeas petition to be nearly one year late. *See Perez*, 150 F.4th at 1176–77 (finding an extraordinary circumstance existed when the petitioner thoroughly explained the steps she took towards mailing in her petition, and how the prison procedures and mailing system prevented her from timely doing so). Regarding Petitioner's arguments that there were delays in Petitioner receiving mail, the R&R correctly concludes that "a petitioner need not receive any correspondence from the clerk of court to file a habeas petition." (*Id.* at 18). Thus, the R&R correctly concluded that the alleged limitations in the prison mailing system did not constitute an extraordinary circumstance.

Accordingly, Petitioner's objections on equitable tolling grounds are overruled. The Court adopts the R&R's conclusion that equitable tolling is not applicable because Petitioner has not shown that any extraordinary circumstance prevented him from filing his habeas petition on time. (Doc. 34 at 18).

### E. Evidentiary Hearing

Petitioner objects to the R&R's finding that Petitioner is not entitled to an evidentiary hearing on the issue of extraordinary circumstances. (Doc. 37 at 6; Doc. 34 at 15). "A habeas petitioner . . . should receive an evidentiary hearing when he makes 'a good-faith allegation that would, if true, entitle him to equitable tolling." *Roy*, 465 F.3d at 969 (emphasis omitted) (quoting *Laws v. Lamarque*, 351 F.3d 919, 919 (9th Cir. 2003)).

In *Roy*, the Ninth Circuit Court of Appeals determined that the petitioners "presented sufficient evidence of their diligence to warrant an evidentiary hearing" on the issue because they "filed their habeas petitions *pro se*, allege[d] specific efforts they pursued in order to file habeas petitions, and because both filed their claims within a reasonable period of time after . . . the extraordinary circumstances were removed." *Id.* at 970. Here, Petitioner has not alleged any specific efforts he pursued in attempting to file his habeas petition on time, and because Petitioner did not provide any indication as to when the alleged extraordinary circumstances occurred during the relevant time period, the Court has no way to determine whether Petitioner acted diligently in filing his habeas petition before and after the alleged extraordinary circumstance occurred.

Moreover, as previously explained, Petitioner has not demonstrated that the alleged extraordinary circumstances caused the untimely filing because Petitioner was capable of preparing and filing state court filings within the statute of limitations period. *See Harris v. Ryan*, No. CV 10-8185-PCT-SRB (MHB), 2011 WL 1135893, at *4 (D. Ariz. Jan. 20, 2011) ("Petitioner's bare allegations of [extraordinary circumstances], without evidentiary support, and without an explanation as to how the alleged [circumstances] prevented him from acting diligently or filing a timely . . . habeas petition, do not warrant the granting of Petitioner's request for an evidentiary hearing, or the application of equitable tolling.");

*Gaston*, 417 F.3d at 1035; *Gibson*, 2022 WL 17345919, at *3. Accordingly, Petitioner is not entitled to an evidentiary hearing on the issue of equitable tolling.

### F. Certificate of Appealability

Before Petitioner can appeal this Court's judgment, a certificate of appealability ("COA") must issue. *See* 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1); Rule 11(a) of the Rules Governing Section 2254 Cases. "The district court must issue or deny a certification of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2254 Cases. Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." The court must indicate which specific issues satisfy this showing. *See* 28 U.S.C. § 2253(c)(3). When the district court denies a habeas petition on procedural grounds without reaching the merits of the underlying constitutional claim, a COA will issue only if reasonable jurists could debate (1) whether the petition states a valid claim of the denial of a constitutional right and (2) whether the court's procedural ruling was correct. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon review of the record, the Court concludes that a COA shall not issue because the resolution of the Petition is not debatable among reasonable jurists. *See Ramirez v. Thornell*, CV-23-00114-TUC-JGZ, 2023 WL 8622630, at *1 (D. Ariz. Dec. 13, 2023).

### V.   OBJECTIONS REGARDING MOTION TO EXPAND RECORD

On July 16, 2025, Petitioner filed a Motion to Expand the Record (Doc. 30), arguing that the materials he requests are relevant to show that he is entitled to equitable tolling. (Doc. 34 at 2; Doc. 33). The Magistrate Judge granted the motion "to the extent Petitioner asks the Court to consider the documents he has provided" and denied the motion "to the extent Petitioner asks the Court to order Respondents to produce additional documents." (Doc. 34 at 19). The Magistrate Judge explained that the documents requested are not relevant to the statute of limitations or equitable tolling issues, thus there is not good cause to expand the record beyond the documents Petitioner provided. (*Id.* at 3). Petitioner timely objects, arguing that the Magistrate Judge should have granted the motion to expand in its

entirety. (Doc. 37 at 9; Docs. 35, 36).

## A. Standard of Review

Federal Rule of Civil Procedure 72(a) provides that when a magistrate judge issues a written order deciding a pretrial, non-dispositive matter, "[a] party may serve and file objections to the order." Fed. R. Civ. P. 72(a). "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*; 28 U.S.C. § 636(b)(1)(A). "The clearly erroneous standard applies to the magistrate judge's factual findings while the contrary to law standard applies to the magistrate judge's legal conclusions, which are reviewed de novo." *BeJaran v. Corizon Inc.*, No. CV17-00754-PHX-DJH (JFM), 2018 WL 9619357, at *1 (D. Ariz. Feb. 23, 2018) (internal quotes and citation omitted).

Under a clear-error standard of review, the Court "may not simply substitute its judgment for that of the deciding court." *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (citations omitted). Instead, the Court must have a "definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation omitted). Factual findings are not clearly erroneous if they "are plausible in light of the record viewed in its entirety." *Husain v. Olympic Airways*, 316 F.3d 829, 835 (9th Cir. 2002).

## B. Analysis

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997); Fed. R. Civ. P. 26(a)(1)(B)(iii) (exempting habeas proceedings from initial discovery disclosure). Discovery in habeas proceedings is governed by Rule 6(a) of the Rules Governing § 2254, which provides in relevant part: "A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery."

"Whether a petitioner has established 'good cause' for discovery requires a habeas court to determine the essential elements of the petitioner's substantive claim and evaluate

whether 'specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.'" *Williams v. Schriro*, 423 F. Supp. 2d 994, 1003 (D. Ariz. 2006) (quoting *Bracy*, 520 U.S. at 908–09).

Petitioner asserts that the documents he requested would entitle him to relief but provides no further argument or explanation. (Doc. 37 at 9). As discussed above, Petitioner has not sufficiently explained how any alleged extraordinary circumstance caused his filing to be untimely. Particularly, Petitioner has not alleged any extraordinary circumstance that would have prevented the timely filing of his federal habeas petition but not his state court filings during the limitations period in 2023. "[C]ourts should not allow prisoners to use federal discovery for fishing expeditions to investigate mere speculation." *Calderon v. U.S. Dist. Ct. for the N. Dist. of California*, 98 F.3d 1102, 1106 (9th Cir. 1996). Petitioner has not presented facts that would entitle him to equitable tolling, and therefore the Court will not allow Petitioner to use discovery in search of something that may justify his untimely habeas petition. The Magistrate Judge did not err in denying in part Petitioner's Motion to Expand the Record (Doc. 30).

## VI.    CONCLUSION

Accordingly,

**IT IS ORDERED** that Petitioner's Motion for Reconsideration (Doc. 44) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Waive Arguments (Doc.45) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Ruling and Status (Doc. 46) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Report and Recommendation (Doc. 34) is **ACCEPTED**.

**IT IS FURTHER ORDERED** Petitioner's Petition for Writ of Habeas Corpus, as amended, is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** Petitioner's request for a Certificate of Appealability is **DENIED** and a Certificate of Appealability shall not issue.

**IT IS FINALLY ORDERED** directing the Clerk of the Court to enter judgment accordingly and terminate this case.

Dated this 26th day of May, 2026.

James A. Teilborg
Senior United States District Judge

- 19 -